UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YULY JOVANY PIEDRAHITA MOTTA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-07815-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count Two of the petition. (Doc. No. 1 at 18.) Specifically, this court has found that under the Due Process Clause, noncitizens who are detained upon entry pursuant to 8 U.S.C. § 1225(b)(1) and whose mandatory detention has become unreasonably prolonged are entitled to a bond hearing. *See M.M. v. Bondi,* No. 1:26-cv-00813-DC-AC, 2026 WL 604200, at *3 (E.D. Cal. Mar. 4, 2026) ("While neither the Ninth Circuit nor the Supreme Court have endorsed a bright-line rule for when a noncitizen's detention becomes constitutionally impermissible, '[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'")

(citation omitted); *Nasar v. Warden*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160, at *3 (E.D. Cal. Mar. 16, 2026) ("[S]everal courts in the Ninth Circuit have found that due process requires a second bond hearing when a noncitizen subject to mandatory detention has been held for a prolonged period following the initial bond determination.").

On September 24, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 5.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *M.M.*, and *Nasar*. (*Id.*)

On September 27, 2026, Respondents filed their opposition to Petitioner's motion for temporary restraining order in which they contend "this case shares factual similarities" with *M.M.* and *Nasar* but "those cases cannot be reconciled with the recent Ninth Circuit ruling recognizing the continued applicability of the 'entry fiction' to Petitioner and the mandatory detention requirement of 8 U.S.C. § 1225(b)(2) that leaves no room for release (except for humanitarian parole) nor a bond hearing."[1] (Doc. No. 7 at 1) (citing *Padilla v. U.S. Immigration & Customs Enforcement*, --- F.4th ---, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026)). Further, "Respondents acknowledge that pre-*Padilla*, this case would fit into the category of cases in which the Court has found that the Fifth Amendment Due Process clause applied to the class of aliens subject to the entry fiction, post-*Padilla*, those cases cannot be reconciled with *Padilla*'s express recognition that the 'entry fiction doctrine' applies to aliens like Petitioner." (Doc. No. 7 at 3.)

The court in *Padilla* explained that "except for the extremely narrow category of people covered by the entry fiction, every person in the United States is entitled to the Fifth Amendment's guarantee of due process, regardless of their citizenship or legal status." *Padilla*,

[1] Respondents also note that the petitioners in *M.M.* and *Nasar* were both detained for more than fourteen months, whereas here, Petitioner had been detained for only seven months when he filed the pending habeas petition. (Doc. No. 8 at 1.) However, Respondents do not offer any argument as to how this factual distinction is material to the analysis in those cases.

2026 WL 2822044, at *15. Respondents ignore, however, that the court in *Padilla* clarified that the entry fiction doctrine applies in "an admission, not a detention, case." *Padilla*, 2026 WL 2822044 at *19. The court in *Padilla* further explained that "for that reason, as well as because" the class of plaintiffs in *Padilla* were not all subject to the entry fiction doctrine, that doctrine "has no application here, the government's fervent pleas for its vast expansion notwithstanding." *Id.* The court went to great lengths to clarify that "[a]dmission and detention occupy fundamentally different positions in our legal order," and that while the executive branch enjoys "plenary power over admission, the principle that the government cannot arbitrarily detain people, including noncitizens, has been a central tenet of British and American legal traditions since the thirteenth century." *Id.* at *16. Indeed, numerous courts in the Ninth Circuit have interpreted *Padilla* as applying only to due process protections relating to admissibility, not detention. *See e.g., Marquez v. Warden, Desert View Facility*, No. 5:26-cv-05368-MBK, 2026 WL 2948874, at *4 (C.D. Cal. Oct. 1, 2026) (emphasizing that in *Padilla* the Ninth Circuit acknowledged "the government cannot arbitrarily detain people, including noncitizens . . . and discuss[ed] the history of protections against arbitrary detention applied to noncitizens") (citation modified); *Kleber Vasquez v. Hernandez*, No. 2:26-cv-02873-TMC, 2026 WL 2936770, at *2 (W.D. Wash. Sep. 30, 2026) (addressing noncitizen who was detained after expiration of her § 1182(d)(5) parole following *Padilla*, and explaining that "while [the petitioner's] legal status regarding admission reverted to that of an arriving noncitizen once her parole expired, the Due Process clause continued to require constitutionally adequate procedures surrounding her detention"). Thus, contrary to Respondents' expansive interpretation of *Padilla*, that decision limited Petitioner's due process rights relating to his *admissibility* to those prescribed by statute; it had no impact on his due process rights relating to his *detention*. Because Petitioner challenges the lawfulness of his present detention, not his admissibility, *Padilla* does not affect this court's analysis regarding the due process protections necessary to detain Petitioner.

Respondents do not oppose this court ruling on the merits of Petitioner's habeas petition simultaneous with his motion for a temporary restraining order in their opposition. (*See* Doc. No. 8 at 2.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he

seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Because Respondents have not identified any factual or legal issues in this case that would materially distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count Two for the reasons set forth in the court's orders in *M.M.* and *Nasar*.[2] Further, as the court found in *M.M.* and *Nasar*, the proper remedy for Respondents' due process violation is to provide Petitioner with a post-deprivation bond hearing.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:
   a. Respondents shall, within fourteen (14) days of issuance of this order, provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence;
   b. Respondents are ORDERED to provide Petitioner and his counsel with seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;
   c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and
   d. Within seventeen (17) days of the date of entry of this order, Respondents

---

[2] Because the court is granting the petition on the due process claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

e. Petitioner's request for immediate release is denied;

2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 26, 2026**

Dena Coggins
United States District Judge